Colonel Atkins Warren Chief of Police City of Gainesville
QUESTION:
May the daily list of truant students prepared by a public school be released to law enforcement agencies for investigative purposes?
SUMMARY:
The provisions of s. 228.093 prohibit the public schools releasing the lists of daily truants to law enforcement agencies without the written consent of the pupil's or student's parent or guardian or of the student or pupil if he or she is qualified.
You state that a problem has arisen regarding the release of the daily list of truant students from middle and high schools to law enforcement agencies to be used by those agencies for confidential investigative purposes in dealing with the high incidence of certain criminal violations by juvenile offenders. A joint cooperative effort by the Gainesville Police Department, the Alachua County Sheriff's Office and the State Attorney's Office is currently underway `to identify the chronic truants who are responsible for this large incidence of crime.' You indicate that the daily list of truants from target schools is essential to this program and that the information received would be kept confidential by the agencies involved. The attorney for the district school board, however, has expressed his opinion that the lists are confidential and may not be released to the law enforcement agencies.
Access to student records is limited by statute. Section 228.093(3)(d), F.S., states in pertinent part:
 Every pupil or student shall have a right of privacy with respect to the educational records kept on him. No state or local educational agency, board, public school . . . shall permit the release of personally identifiable records or reports of a pupil or student, or of any personal information contained therein, without the written consent of the pupil's or student's parent or guardian, or of the pupil or student himself if he is qualified as provided in this subsection, to any individual, agency, or organization. . . . (Emphasis supplied.)
Such records are expressly exempted from the disclosure and inspection requirements of the Public Records Law, see s.119.07(3)(b), F.S. Records and reports are defined for purposes of s. 228.093 to mean any and all official records, files and data directly related to pupils and students which are created, maintained, and used by public educational institutions; materials considered part of a pupil's record `include, but are not necessarily . . . limited to: identifying data; . . . attendancedata; . . . verified reports of serious or recurrent behavior patterns; and any other . . . information recorded in any medium . . . .' (Emphasis supplied.) Section 228.093(2)(a), F.S. Excluded from the foregoing definition of `records' and `reports' are records of law enforcement units of the institution which are maintained solely for law enforcement purposes and are not available to persons other than officials of the institution or law enforcement officers of the same jurisdiction in the exercise of that jurisdiction, s. 228.093(2)(a)2., F.S., and directory information which is defined by s. 228.093(2)(e) to include:
 the pupil's or student's name, address, telephone number if it is a listed number, date and place of birth, major field of study, participation in officially recognized activities and sports, . . . dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the pupil or student.
I have been informed that the daily lists of truant students are prepared by the public schools and the information contained therein is incorporated into the pupil's cumulative record file or folder. See s. 232.022, F.S., stating that the attendance of all public school pupils shall be checked each school day in the manner prescribed by the regulations of the state board and recorded in the teacher's register by some approved system of recording attendance, and Rule 6A-1.44, F.A.C. See also s. 232.021, F.S., requiring attendance records and reports and providing that the enrollment register showing the absence or attendance of each child enrolled for each school day shall be open for the inspection by the superintendent or attendance assistant of the district in which the school is located. The information requested by your office does not, therefore, appear to fall within the exclusion provided for records of lawenforcement units of the institution which are maintained solely for law enforcement purposes and which are not available to persons other than school officials and school law enforcement officials. Cf. 45 C.F.R. s. 99.3, exempting records of law enforcement units of an educational agency or institution for purposes of the federal statute controlling access to student records from educational records provided that the records of the law enforcement unit are maintained apart from the records which are directly related to a student and are maintained by the educational agency. Nor does the information requested by your office from the public schools appear to fall within the definition of `directory information' as that term is defined in s. 228.093(2)(e). Cf. the last paragraph of s. 228.093(3)(d), as amended by ch. 81-201, Laws of Florida, which states in pertinent part that no educational institution shall release to any individual, agency or organization which is not listed in subparagraphs 1-9 (of paragraph (d)), directory information relating to the student body in general or a portion thereof unless it is normally published for the purpose of release to the public in general; moreover, an educational institution which releases directory information as provided for therein must give notice to the public of the categories of information it has designated as directory and allow a reasonable time after notice has been given for a parent, guardian, pupil or student to inform the institution in writing that any or all of the information designated should not be released. While the definition of directory information includes `dates of attendance,' s. 228.093(2)(a) in defining materials which are considered to be part of a pupil's or student's records and therefore confidential, specifically refers to attendance data. The `dates of attendance' referred to in s. 228.093(2)(e) as directory information, when considered in light of the other information included within that definition, would appear to refer to the dates generally that a student or pupil attended a particular school or college and not his or her attendance on a day to day basis; rather such information, the attendance or failure to attend of a student on a particular day, would appear to be more in the nature of `attendance data' included in the definition of `records.' The daily lists of truant students are directly related to the students and are created, maintained and used by the schools for school use; moreover, this information is incorporated into each pupil's or student's cumulative record folder. It therefore appears that the attendance lists kept by the public schools on a day to day basis as required by the statutes and rules of the State Board of Education qualify as attendance data subject to the limitations on access set forth in subsection (3)(d) of s. 228.093.
Section 228.093(3)(d), F.S., as amended by ch. 81-201, Laws of Florida, provides a limited exception to the restrictions on access to students' records by stating that personally identifiable records or reports may be released to certain officials or authorities. Law enforcement officers and agencies, however, are not among those enumerated individuals or organizations authorized to receive such information. While s. 228.093(3)(d)8., authorizes the release of such records to appropriate parties in connection with an emergency if knowledge of the information in the pupil's or student's educational records is necessary to protect the health or safety of the pupil, student or other individuals, I cannot say that the situation outlined in your letter falls within the foregoing exception. Cf. 45 C.F.R. § 99.36 stating that the provision authorizing the release of information from a student's educational records in an emergency is for purposes of the federal statute controlling access to student's records to be strictly construed. In addition, while law enforcement officers possess certain powers and duties with regard to truancy, see s. 39.401(1)(e), F.S., which authorizes a law enforcement officer when he has reasonable grounds to believe a child is absent from school without authorization, to take the child into custody `for the purpose of delivering the child without reasonable delay to the school system,' I am not aware of any provision which authorizes the release of such confidential information to law enforcement officers to perform that duty, nor has any such provision been brought to the attention of this office. Cf. s. 39.01(9)(d) defining a `child who is found to be dependent' as a child who, pursuant to ch. 39, is found by a court to be `habitually truant from school while being subject to compulsory school attendance'; and s. 232.16, F.S., stating that the superintendent of schools shall be responsible for the enforcement of ch. 232, F.S. In AGO 081-8, this office considered the provisions of s. 228.093 restricting the release of information contained in a student's or pupil's records and concluded that the statute prohibited state educational officers from releasing a student's social security number to the Auditor General for use in performing a proper audit of the state educational agencies without the consent of the student's parent or guardian or the student if he or she is qualified. (Section 228.093 was amended by the 1981 Legislature to permit the release of such information to the Auditor General in connection with his official functions, see s. 1, ch. 81-201, Laws of Florida.)
In view of the foregoing and in light of the specific provisions of s. 228.093 restricting access to student's or pupil's records and prescribing with particularity those persons to whom such information may be released, I am of the opinion that, until judicially or legislatively determined to the contrary, the public schools may not release to the law enforcement agencies the daily list of truant students without the written consent of the student's parent or guardian or of the pupil or student if he or she is qualified. It should be noted that the release of student records is also regulated by federal law. See20 U.S.C. § 1232g(b)(1) which provides that `[n]o funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of educational records (or personally identifiable information contained therein other than directory information . . .) of students without the written consent of their parents to any individual, agency, or organization' other than provided therein. `Personally identifiable' is defined in 45 C.F.R. s. 99.3 to mean,inter alia, information which would make the student's identity easily traceable.
Prepared by: Joslyn Wilson, Assistant Attorney General